James W. PERRY, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7052.

United States Court of Appeals, Federal Circuit.

DECIDED: June 2, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

### ORDER

SCHALL, Circuit Judge.

The Secretary of Veterans Affairs moves to summarily affirm the United States Court of Appeals for Veterans Claims' judgment dismissing James W. Perry's motion for extraordinary relief in the nature of mandamus as moot. Perry has not responded.* The court considers whether Perry's appeal should be dismissed for lack of jurisdiction.

On July 30, 2002, Perry filed a petition for a writ of mandamus asking the Court of Appeals for Veterans Claims to (1) direct the regional office (RO) to expedite adjudication of certain pending service connection claims; (2) assume jurisdiction of Federal Tort Claims Act (FTCA) and Federal Employees' Compensation Act

(FECA) claims; and (3) order the Department of Veterans Affairs to terminate certain debt collection efforts. On August 12, 2002, the Court of Appeals for Veterans Claims determined that it had no jurisdiction to review Perry's FTCA and FECA claims, and directed the Secretary to respond to the remaining issues. After reviewing the Secretary's response, the Court of Appeals for Veterans Claims found that the RO had already adjudicated Perry's service connection claims. Additionally, the payment allegedly owed by Perry for prior medical treatment had been waived. Based on these facts, the Court of Appeals for Veterans Claims stated: "It appears that the action the petitioner requested in his petition has been completed. As such there is no longer a case or controversy over which the Court can exert jurisdiction." Accordingly, the Court of Appeals for Veterans Claims dismissed Perry's motion for extraordinary relief in the nature of mandamus as moot. Perry appealed.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In this case, Perry does not challenge the Court of Appeals for Veterans Claims' August 12, 2002 ruling that it lacked jurisdiction to review FECA and FTCA claims. The remaining issues concern the Court of Appeals for Veterans Claims' factual determinations that Perry's requested relief had already been granted. In his informal

---

* Previously, Perry submitted a "motion for clarification" asking this court to, among other things, "condemn" the behavior of certain individuals (i.e., the Secretary and his desig-

nees). However, this court's jurisdiction under 38 U.S.C. § 7292 is limited to reviewing decisions of the Court of Appeals of Veterans for Claims.

brief, Perry fails to assert any specific constitutional challenge concerning the decision on appeal, and he raises no issue concerning the validity or interpretation of a statute or regulation. In these circumstances, this court lacks jurisdiction to review Perry's appeal. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion for summary affirmance is moot.

(2) Perry's appeal is dismissed for lack of jurisdiction

(3) Each side shall bear its own costs.